J. M. HEINIKE ASSOCIATES, INC. v. THOMAS J. VESCE

No. 867SC1335

(Filed 7 July 1987)

**Constitutional Law § 74; Rules of Civil Procedure § 33— refusal to answer interrogatories — claim of self-incrimination unjustified**

    The mere fact that an amendment to defendant's tax returns had been selected for examination by the IRS was insufficient to justify defendant's refusal to answer plaintiff's interrogatories as to defendant's finances on the ground that answers to the interrogatories would create a real danger of self-incrimination.

APPEAL by defendant from *Brown (Frank R.), Judge.* Order entered 3 October 1986 in Superior Court, NASH County. Heard in the Court of Appeals 13 May 1987.

On 9 September 1985, the trial court rendered summary judgment against defendant in the amount of $35,544.17. An execution was subsequently issued and returned unsatisfied.

Pursuant to G.S. 1-352.1, plaintiff submitted interrogatories to defendant concerning defendant's finances. Defendant objected to the interrogatories and moved for a protective order allowing him to refrain from answering the interrogatories. The motion was denied and the trial court ordered defendant to answer the interrogatories. From the order of the trial court, defendant appeals.

*Martin L. Cromartie, Jr. for plaintiff appellee.*

*G. Paul Duffy, Jr. for defendant appellant.*

ARNOLD, Judge.

In his sole assignment of error, defendant contends that "the trial court committed reversible error in denying defendant's objections to answering interrogatories and motion for a protective order because the uncontested evidence and the current state of the law support defendant's position that he was entitled to claim his Fifth Amendment privilege against self-incrimination and refrain from answering the interrogatories." We do not agree.

In his affidavit submitted to the court, defendant stated that he was previously convicted of filing a false corporate tax return and that he is currently under investigation on his personal tax returns for the years 1978 through 1985. Defendant also stated that the information sought by plaintiff could possibly be used against him in the current tax investigation.

The New Jersey attorney who represented defendant in the previous Federal tax prosecution also submitted an affidavit to the court. In his affidavit, the attorney stated that defendant "has received a communication from the Internal Revenue Service . . . advising that a claim recently filed by [defendant] in the form of an amendment to income tax returns (form 1040X) as to his personal returns for the years 1978 through 1981 inclusive, has been selected for examination . . . ." The attorney also stated that he believes defendant has "potential exposure" in connection with the examination.

Defendant has not provided any further explanation of the tax investigation.

The privilege against self-incrimination protects against real dangers, not remote and speculative possibilities. *Johnson County Nat'l Bank and Trust Co. v. Grainger*, 42 N.C. App. 337, 256 S.E. 2d 500, *disc. rev. denied*, 298 N.C. 304, 259 S.E. 2d 300 (1979). "[A] witness may not arbitrarily refuse to testify without existence in fact of a real danger, it being for the court to determine whether that real danger exists." *Id.* at 339, 256 S.E. 2d at 502.

Determination of whether the privilege applies must be by the court, not the individual claiming the privilege. "The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination.

It is for the court to say whether his silence is justified . . . ." *Hoffman v. United States*, 341 U.S. 479, 486, 95 L.Ed. 1118, 1124, 71 S.Ct. 814, 818 (1951).

*Stone v. Martin*, 56 N.C. App. 473, 476, 289 S.E. 2d 898, 901, *disc. rev. denied*, 306 N.C. 392, 294 S.E. 2d 220 (1982).

In the case *sub judice*, defendant has made a blanket objection to answering any of plaintiff's interrogatories. The mere fact that an amendment to defendant's tax returns has been selected for examination by the IRS is insufficient to justify defendant's refusal to answer the interrogatories. There is insufficient evidence that the answers to the interrogatories could be used against defendant in a subsequent criminal action. Therefore, defendant has failed to show that the answers to the interrogatories would create a real danger of self-incrimination.

The order of the trial court is

Affirmed.

Judges WELLS and ORR concur.