It is for the court to say whether his silence is justified
. . . ." *Hoffman v. United States*, 341 U.S. 479, 486, 95 L.Ed.
1118, 1124, 71 S.Ct. 814, 818 (1951).

*Stone v. Martin*, 56 N.C. App. 473, 476, 289 S.E. 2d 898, 901, *disc. rev. denied*, 306 N.C. 392, 294 S.E. 2d 220 (1982).

In the case *sub judice*, defendant has made a blanket objection to answering any of plaintiff's interrogatories. The mere fact that an amendment to defendant's tax returns has been selected for examination by the IRS is insufficient to justify defendant's refusal to answer the interrogatories. There is insufficient evidence that the answers to the interrogatories could be used against defendant in a subsequent criminal action. Therefore, defendant has failed to show that the answers to the interrogatories would create a real danger of self-incrimination.

The order of the trial court is

Affirmed.

Judges WELLS and ORR concur.

---

G. A. GRIER, INC. v. THOMAS J. VESCE

No. 867SC1336

(Filed 7 July 1987)

APPEAL by defendant from *Brown (Frank R.), Judge*. Order entered 3 October 1986 in Superior Court, NASH County. Heard in the Court of Appeals 13 May 1987.

On 9 September 1985, the trial court rendered summary judgment against defendant in the amount of $29,889.20. An execution was subsequently issued and returned unsatisfied.

Plaintiff then submitted interrogatories to defendant concerning defendant's finances pursuant to G.S. 1-352.1. Defendant objected to the interrogatories and moved for a protective order to allow him to refrain from answering the interrogatories. The motion was denied and the trial court ordered defendant to answer

the interrogatories. From the order of the trial court, defendant appeals.

*No brief for plaintiff appellee.*

*G. Paul Duffy, Jr. for defendant appellant.*

ARNOLD, Judge.

For the reasons set forth in *J. M. Heinike Associates, Inc. v. Vesce*, 86 N.C. App. 372, 357 S.E. 2d 409 (1987), we affirm the order of the trial court.

Affirmed.

Judges WELLS and ORR concur.